**Shufang LI, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

**Docket No. 03–40446.**

United States Court of Appeals, Second Circuit.

Aug. 9, 2005.

Gary J. Yerman, New York, N.Y. (on submission), for Petitioner.

Kelly B. Watzka, Assistant U.S. Attorney (Christian Larsen, Assistant U.S. Attorney, on the brief), for Steven M. Biskupic, United States Attorney for the Eastern District of Wisconsin, Milwaukee, WI (on submission), for Respondent.

Present: CALABRESI, RAGGI, Circuit Judges, and MURTHA, District Judge.*

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED.**

Shufang Li ("Li"), a native and citizen of the People's Republic of China, appeals the BIA's denial of her petition for asylum, withholding of removal, and relief under the Convention Against Torture. We presume the parties' familiarity with the facts, the procedural history, and the scope of the issues presented on appeal.

In an affidavit she submitted as part of her asylum application, Li asserted that she was forced by the Chinese government to undergo "as many as five late-term abortions" between 1975 and 1980, and specifically stated that each pregnancy was discovered by her employers after the first trimester. Affidavit at 1. She described the procedure for these abortions in grim detail, and called the late-term abortion procedure "excruciatingly painful both physically and emotionally." Affidavit at 2. Yet, at her July 2000 hearing before the Immigration Judge ("IJ"), Li said that the first four abortions were early abortions. She was repeatedly asked about and was unable to recall the dates of these abortions, and remembered few details. She explained that she could not remember the details of her first abortion because it was so early in the pregnancy that the abortion was accomplished through a quick, outpatient procedure.

Based principally on the lack of either detail or consistency in her testimony, as well as some inconsistencies between the medical records Li submitted and her hearing testimony as to her fifth abortion, the IJ found Li not to be credible. That finding was supported by substantial evidence. *See Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003). Under the circumstances, we need not consider Li's other claims, which do not undercut the basic finding that she was not credible. *See Zhou Yun Zhang v. INS,* 386 F.3d 66, 74 (2d Cir.2004) ("Where the IJ's adverse credibility finding is based on specific ex-

---

* The Honorable J. Garvan Murtha, United States District Judge for the District of Ver-   mont, sitting by designation.

amples in the record of inconsistent statements by the asylum applicant about matters material to his claim of persecution, . . . a reviewing court will generally not be able to conclude that a reasonable adjudicator was compelled to find otherwise." (internal quotation marks omitted)).

We have considered all of Li's arguments on appeal and find them to be without merit. Therefore, the petition for review and motion for stay of removal are DENIED.